| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS MIDLAND DIVISION |
|---|---|

| | | |
|---|---|---|
| CHARLES MABEE, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. ___7:20-cv-00181___ |
| ACCENT FOOD SERVICES, LLC and KEN SULLIVAN, | § § § | |
| *Defendant(s)*. | § § | |

## PLAINTIFF CHARLES MABEE'S ORIGINAL COMPLAINT

Plaintiff Charles Mabee (referred to as "Mabee") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants Accent Food Services, LLC (referred to as "Accent Food Services") and Ken Sullivan (collectively referred to as "Defendants") who worked as route drivers and were not paid overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Mabee's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers ... ." 29 U.S.C. § 202(a).

3.     To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.     Defendants violated the FLSA by employing Mabee and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.     Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6.     Mabee brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants who worked as route drivers and were not paid overtime during the past three years.

## II.  Jurisdiction & Venue

7.     This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Mabee's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III.  Parties

9.     Mabee is an individual who resides in Midland County, Texas and who was employed by Defendants during the last three years.

- 2 -

10.     Accent Food Services is a Delaware limited liability company that may be served with process by serving its registered agent:

C T Corporation System
1999 Bryan St., Ste. 900
Dallas, Texas 75201

Alternatively, if the registered agent of Accent Food Services cannot with reasonable diligence be found at the company's registered office, Accent Food Services may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.     Ken Sullivan is an individual who resides in Travis County, Texas and who may be served with process at:

2401 W Pflugerville Pkwy Apt
Round Rock, Texas 78664

or wherever he may be found. Alternatively, Ken Sullivan may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

12.     An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or

was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13.     Accent Food Services is a refreshment services provider, specializing in full-service vending machines, micromarkets and coffee pantry services.

14.     Defendants do business in the territorial jurisdiction of this Court as well as in Arizona, Nevada, Maryland and Washington D.C.

15.     Defendants employed Mabee from August 2018 to the present.

16.     Defendants employed Mabee as a route driver.

17.     Sullivan is also Mabee's employer—and is individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire and fire Accent Food Services employees, including Mabee; (2) supervised or controlled Accent Food Services employee schedules or conditions of employment, including Mabee's schedule and/or conditions of employment; (3) determined the rate or method of payment for Accent Food Services employees, including Mabee; and/or (4) maintained Accent Food Services employee records, including Mabee's records.

18.     As a route driver, Mabee was responsible for delivering and stocking vending machines, loading and unloading the delivery van and manual labor in the warehouse.

19.     During Mabee's employment with Defendants, he was engaged in commerce or in the productions of goods for commerce.

20.     During Mabee's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

21.     During Mabee's employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

22.     During Mabee's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

23.     Defendants paid Mabee on a salary basis.

24.     Defendants paid Mabee on a bi-weekly basis through direct deposit.

25.     During Mabee's employment with Defendants, he regularly worked in excess of forty hours per week.

26.     Defendants knew or should have known that Mabee worked in excess of forty hours per week.

27.     Defendants did not pay Mabee for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

28.     Instead, Defendants paid Mabee a fixed sum—a salary—regardless of the number of hours he worked.

29.     Mabee was not exempt from the maximum hour requirements of the FLSA.

30.     As a route driver, Mabee's primary duties were nonexempt.

31.     As a route driver, Mabee's primary duties did not include office or nonmanual work.

32.     As a route driver, Mabee's primary duties were not directly related to the management or general business operations of Defendants or its customers.

33.     As a route driver, Mabee's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

34.     As a route driver, Mabee did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

35.     As a route driver, Mabee was, instead, required to follow Defendants' policies, practices and procedures.

36.     As a route driver, Mabee did not have any independent authority to deviate from Defendants' policies, practices and procedures.

37.     Defendants knew or should have known that Mabee was not exempt from the maximum hour requirements of the FLSA.

38.     Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

39.     During Mabee's employment with Defendants, the company did not maintain accurate time and pay records for Mabee as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

40.     During Mabee's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

41.    Defendants continued the pay practice(s) complained of by Mabee without investigation after being put on notice that the pay practice(s) violated the FLSA.

42.    Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

43.    Prior to this lawsuit, Defendants conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Mabee.

44.    Because Defendants willfully violated the FLSA, they are liable to Mabee for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

45.    As a result of the FLSA violation(s) described above, Defendants are liable to Mabee for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

46.    All route drivers employed by Defendants during the last three years are similarly situated to Mabee because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendants under 29 U.S.C. § 216(b).

### V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

47.    Mabee adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48.    During Mabee's employment with Defendants, he was a nonexempt employee.

49.     As a nonexempt employee, Defendants were legally obligated to pay Mabee "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

50.     Defendants did not pay Mabee "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

51.     Instead, Defendants paid Mabee a fixed sum—a salary—regardless of the number of hours he worked.

52.     If Defendants classified Mabee as exempt from the maximum hour requirements of the FLSA, he was misclassified.

53.     As a result of the FLSA violation(s) described above, Defendants are liable to Mabee for back wages equal to the difference between what they should have paid and what it actually paid.

### VI.  Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

54.     Mabee adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

55.     Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

56.     During Mabee's employment with Defendants, the company did not maintain accurate time and pay records as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

57.     During Mabee's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 211 (c) and 29 C.F.R. pt. 516.

58.     During Mabee's employment with Defendants, the company continued the pay practice(s) complained of by Mabee without investigation after being put on notice that the pay practice(s) violated the FLSA.

59.     Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

60.     Prior to this lawsuit, Defendants conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Last.

61.     Because Defendants willfully violated the FLSA, they are liable to Mabee for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### VII.  Count Three— Collective Action Allegations Under 29 U.S.C. § 216(b)

62.     Mabee adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

63.     On information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

64.     These employees are similarly situated to Mabee because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

65.     Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

66.     Since Mabee's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

67.     For these reasons, Mabee requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All route drivers employed by Accent Food Services, LLC during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were a fixed sum – a salary – regardless of the number of hours he worked.

68.     Defendants are liable to Mabee and the putative class members for back wages equal to the difference between what they should have paid and what they actually paid.

69.     Mabee has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on his behalf and on behalf of all other putative class members.

### VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

70.     Mabee adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

71.     Mabee is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

72.     Mabee is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

73.     Mabee has retained the professional services of the undersigned attorneys.

74.     Mabee has complied with the conditions precedent to recovering attorney's fees and costs.

75.     Mabee has incurred or may incur attorney's fees and costs in bringing this lawsuit.

76.     The attorney's fees and costs incurred or that may be incurred by Mabee were or are reasonable and necessary.

77.     Defendants are liable to Mabee and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

78.     Mabee demands the following relief:

   a.  an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b.  an incentive award for Mabee for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   c.  judgment against Defendants in Mabee's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

d. all other relief and sums that may be adjudged against Defendants in Mabee's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____

Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
State Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
State Bar No. 24107417
renu@mooreandassociates.net